**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IRMA GERONIMO-CARRILLO, | No. 19-71108 |
| Petitioner, | Agency Nos. A208-205-565 |
| v. | A208-205-566 |
| JEFFREY A. ROSEN, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 12, 2021**
San Francisco, California

Before: WALLACE and M. SMITH, Circuit Judges, and RESTANI,*** Judge.

Irma Geronimo-Carrillo[1] (Geronimo), an indigenous Guatemalan woman,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

[1] While Petitioner's asylum application, the Immigration Judge (IJ) proceedings and the Petition for Review in front of this court all refer to the spelling of

petitions for review of the BIA's denial of her request for asylum. She asks us to remand the question of whether her asserted particular social group, indigenous Guatemalan women, is cognizable. We deny the petition for review in part and dismiss in part.[2]

We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's decision that an applicant has not established eligibility for asylum for substantial evidence. *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013). We conclude that substantial evidence supports the BIA's denial of asylum. Geronimo failed to demonstrate the requisite nexus between the harm she suffered and a statutorily protected ground as required by 8 U.S.C. § 1158(b)(1)(B)(i).

We also decline to remand Geronimo's petition for consideration of her asserted particular social group. The BIA and the IJ assumed, without deciding, that the group was cognizable and concluded the record was insufficient to demonstrate Geronimo was eligible for asylum. Neither this court nor the BIA is

---

Petitioner's last name as "Jeronimo," the Board of Immigration Appeals' (BIA), and therefore the clerk of this court, referred to her as "Geronimo." The Petitioner did not file a motion to correct the caption; therefore, we use the spelling recorded by the BIA, but note the discrepancy here for the sake of clarity.

[2] The government moved the court to take judicial notice of the April 9, 2019, decision by the IJ. Resp't. Mot. for Judicial Notice, ECF No. 20 (Jan. 31, 2020). Granting the motion is unnecessary and therefore, it is denied. The decision appears in the papers submitted to this court. *See* Pet. for Review, ECF No. 1 (May 8, 2019).

required to decide an issue that is not dispositive to the outcome of a case. *INS v. Bagamasbad*, 429 U.S. 24, 25–26 (1976).

We lack jurisdiction to hear Geronimo's United Nations Convention Against Torture claim. She did not raise it before the BIA following the IJ's April 9, 2019, decision, and she mentions it only in a passing comment without argument in her opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (holding that a petitioner must raise an issue before the proper administrative forum if they wish to preserve the issue for appeal).

**DENIED in part and DISMISSED in part.**